IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES PERRY JONES, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:20-cv-00487 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| FEDERAL BUREAU OF PRISONS, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

James Perry Jones, a federal inmate proceeding *pro se*, has filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), naming a single defendant—the Federal Bureau of Prisons ("BOP").

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Jones's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1).

I.   JONES'S ALLEGATIONS

Jones's complaint alleges that, during his time in the custody of the Bureau of Prisons, he has been harmed as a result of a number of different incidents at different facilities. Although Jones is now incarcerated at USP Lee, which is within this judicial district, none of the alleged

events occurred there. Instead, he explains that the events occurred at USP Beaumont (in eastern Texas), Atwater (in central California), Yazoo (in Missouri), Colorado,[1] O.K.C. (which appears to be a reference to the Federal Transfer Center in Oklahoma City, Oklahoma), Atlanta (in Georgia) and U.S.P. Allenwood (in Pennsylvania).

His claims include the following:

1. He was assaulted by lieutenants and staff at Beaumont, including by a lieutenant named Hester;
2. A Beaumont dentist implanted a listening device or sensor in his tooth without his knowledge or consent, and "[t]he world was listening to [him] for two years . . . before [he] found out";
3. Some of his property was taken in February 2016 and was never returned;
4. Dentists at Yazoo, Colorado, and Allenwood told him they would pull the sensor out of his mouth, but instead they pulled teeth that did not need to be pulled
5. He was given pork to eat at Atwater and Colorado, which violated his religious beliefs;
6. At Atwater, he was placed in a cell, naked, with no shower on several occasions;
7. His penis was touched during a pat-down search at Atwater and he was sexually harassed by some of the staff during searches;
8. He was written up for "bogus incident reports" while at Atwater, Yazoo, and Colorado;
9. He was improperly housed in segregated housing units and sanctioned for things he did not do at most of these institutions; and
10. Staff did not meet his medical needs at all of these institutions.

(*See generally* Compl., Dkt. No. 1.) Jones asks for $450 million in relief and appears to be arguing that all of these events collectively left him "mentally and emotionally messed up in the head." He also claims, without explanation, that his and his family's personal information is public and their safety is at risk.

Subsequent to filing his complaint, Jones also filed a document titled as an "Additional Civil Complaint," in which he seeks to add allegations to his complaint about sexual misconduct

---

[1] The Bureau of Prisons has several facilities in the state of Colorado, according to its website. Jones's complaint does not identify a specific facility.

toward him that occurred at Yazoo and at O.K.C. (Dkt. No. 5.) More recently, he filed a letter requesting, upon his release in approximately ten months, that the court require a dentist to pull the fourteen teeth he has left so he can have evidence to show that he has a sensor in one of his teeth.

## II. DISCUSSION

Jones's complaint does not identify what claims he is bringing or cite to any statutes. As noted, the court construes the complaint as primarily asserting claims pursuant to *Bivens* and discusses those claims collectively below. Liberally construed, however, his complaint also could be asserting state-law tort claims and possibly a claim under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb to 2000bb-4.

As to any state-law claims, the court declines to exercise jurisdiction over those claims, 28 U.S.C. § 1367(c)(3), and they will be dismissed. To the extent Jones's claim regarding interference with his religion could be construed as a RFRA claim, that claim is subject to dismissal because the only party he names is a federal agency and he seeks only damages for relief, which are not recoverable against the BOP. *See Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006) (affirming dismissal of claim for damages against Bureau of Prisons because "RFRA does not waive the federal government's sovereign immunity for damages"); *Oklevueha Native American Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840–41 (9th Cir. 2012) ("Just like the identical language in RLUIPA, RFRA's authorization of 'appropriate relief' is not an 'unequivocal expression' of the waiver of sovereign immunity to monetary claims."); *see also Ramadan v. FBOP*, No. 1:14-CV-25757, 2015 WL 13745349, at *11 (S.D.W. Va. Aug. 27, 2015), *report and recommendation adopted,* No. CV 1:14-25757, 2015 WL 5684126 (S.D.W. Va. Sept. 28, 2015) (holding same and noting the Fourth Circuit had not addressed the issue). *Cf. Madison v. Virginia*, 474 F.3d 118, 132 (4th Cir. 2006) (adopting

reasoning of *Webman* to hold different statute with similar language did not allow monetary relief against sovereign); *but see cf. Tanvir v. Tanzin*, 984 F.3d 449, 472 (2d Cir. 2018) (concluding that RFRA damages are available in personal-capacity claims against individual law enforcement officers), *cert. granted,* 140 S. Ct. 550 (2019). Even if Jones had sought injunctive relief, moreover, any such claim is moot because he is no longer housed at Atwater or Colorado, where the alleged violations occurred.

Turning to Jones's *Bivens* claims, such claims are "brought against the individual officer for his or her own acts, not the acts of others." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). A *Bivens* claim is "not designed to hold officers responsible for acts of their subordinates," nor is it a "proper vehicle for altering an entity's policy." *Id.* (citations omitted). Thus, to state a *Bivens* claim, a plaintiff must name an individual defendant or defendants, and, to adequately plead a claim, he must set forth some factual detail about each defendant's personal involvement. *See id.*; *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994) (holding that while a federal agent is a proper defendant to a *Bivens* action, a federal agency is not). A "prisoner may not bring a *Bivens* claim against [an] officer's employer, the United States, or the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Jones does not identify any specific federal officer or agent as a defendant and all of his *Bivens* claims fail for this reason.[2]

Jones's complaint also fails because it attempts to join unrelated events and many of these claims, if brought against proper individual defendants (*i.e.*, if brought against the individuals involved), would result in the misjoinder of claims or defendants. Specifically, although he currently has only named one (improper) party, if he were to refile to properly name defendants who were personally involved in the alleged violations of his rights, he would not be

---

[2] The only person Jones identifies by name in his complaint is a "Lt. Hester," who allegedly assaulted him in Beaumont in 2016, but he does not name Hester as a defendant.

4

permitted to bring all of these claims in a single lawsuit. Federal Rule of Civil Procedure 18(a) only allows a plaintiff to join "as many claims as it has against *an opposing party*." Fed. R. Civ. P. 18(a) (emphasis added). Rule 20 allows the joinder of several defendants *only* if the claims arose out of the same transaction or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims against various defendants in one lawsuit should not be allowed. *Riddick v. Dep't of Corr.*, No. 7:17CV00268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017) ("[A] plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question.") (citation omitted). "These procedural rules apply with equal force to *pro se* prisoner cases." *Id.*

In addition, to allow Jones to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, would frustrate the purposes and limitations set forth in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.* For example, PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee in any civil action or appeal submitted by a prisoner— through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief. *See generally* 28 U.S.C. §§ 1915, 1915A. "Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners

5

wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Riddick*, 2017 WL 6599007, at *2 (citation omitted). "[T]o allow [plaintiff] to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement." *Id.*

For these reasons,[3] the court will dismiss Jones's complaint in its entirety without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The court notes that its dismissal is without prejudice to Jones's ability to file a new lawsuit or lawsuits asserting claims arising from these same events. If he does so, however, he should properly name individual defendants and should file his cases in the appropriate court or courts. As to where he could properly file these claims, the court advises Jones that venue could be proper in a judicial district where the plaintiff "resides."[4] 28 U.S.C. § 1391(e)(1). It may well be, though, that the more appropriate forum for each of Jones's claims is the judicial district where the relevant events took place and the proper individual defendants presumably are located. *See* 28 U.S.C. § 1404 (allowing

---

[3] Because the court is dismissing Jones's claims on other grounds, it does not analyze any of his claims to see whether they are time-barred. But it notes that the limitations period for a *Bivens* action is adopted from state law. *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Which state's law will apply to each of his claims may depend both on where he files suit and on where the events underlying each claim occurred. *See Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009) (discussing the question of which state's limitations period applies where a prisoner files suit in a state different than where his injury occurred and concluding that the forum's choice-of-law rules must be consulted to determine which statute of limitations the forum state would apply); *Jones v. Kirchner*, 835 F.3d 74, 81 (D.C. Cir. 2016) (same); *cf. Brock v. Bowman*, No. CIV.A. 5:10-2821-MGL, 2014 WL 1094444, at *7 & n.5 (D.S.C. Mar. 19, 2014), *aff'd,* 582 F. App'x 260 (4th Cir. 2014) (applying the limitations period of the state where the injury occurred in a *Bivens* action and noting that "[t]he Fourth Circuit has not addressed the issue of which state's statute of limitations is applicable when the case is brought in one state, but the alleged incident occurred in another state").

[4] "There is a split among the circuits regarding whether a prisoner's residence is properly considered as his place of incarceration, but 'the weight of authority' has found that the prisoner's place of incarceration is not his residence for venue purposes." *Lamerique v. United States*, No. 3:18-cv-00532, at *6 n.1 (S.D. W. Va. June 14, 2019) (citing *Harris v. Lappin*, No. CIV.A. 2:07 CV 58, 2008 WL 4371503, at *7 n.4 (N.D.W. Va. Sept. 22, 2008)); *White v. United States*, No. 7:19CV00531, 2020 WL 674448, at *3 (W.D. Va. Feb. 11, 2020) (citing authority and concluding that, for venue purposes, a prisoner's residence is presumed to be where he was domiciled prior to incarceration, although that presumption may be rebutted by an inmate's intention to change domicile). Jones's complaint alleges that he was "born and raised" in Washington, D.C., although it is unclear if that is where he was living immediately prior to his incarceration or if he ever intended to change his domicile.

transfer of civil actions to another district where the case "might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice").

## III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Jones's complaint, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: September 8, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge